# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re:<br>Guillermo J. Caldera<br>Maria L. Caldera<br><br>Debtors | Case No.: 12-42675<br>Judge: Schmetterer<br><br>Chapter 13 |
| Guillermo J. Caldera,<br>Maria L. Caldera<br><br>Plaintiffs,<br><br>-v-<br><br>Citibank, N.A.,<br><br>Defendant | Adversary No.: 12-01676 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.   The Parties**

1. The Plaintiffs are Gullermo J. and Maria L. Caldera.

2. The Defendant is Citibank, N.A.

**B.   Factual Background**

1. On or about October 27, 2012, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 2720 S. Kolin Ave., Chicago, IL 60623.

3. That CitiMortgage Inc. holds a first mortgage lien on the real property commonly known as 2720 S. Kolin Ave., Chicago, IL 60623, with a secured claim of $82,671.72 pursuant to the proof of claim filed on December 21, 2012 in case

        12 B 42675 by CitiMortgage, Inc.

4. That Defendant holds a second mortgage lien on the real property known as 2720 S. Kolin Ave., Chicago, IL 60623 in the approximate amount of $24,724.00 pursuant to the Plaintiff's recent credit report.

5. On July 31, 2012, Plaintiff obtained a Comparative Market Value Report from CIN Legal Data Services indicating the value of 2720 S. Kolin Ave., Chicago, IL 60623 to be $61,000.00.

6. The Modified Chapter 13 Plan filed on March 4, 2012, provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $240.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8. On November 1, 2012, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506 (a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 2720 S. Kolin Ave., Chicago, IL 60623.

9. That on November 12, 2012, the Bankruptcy Specialist III for CitiMortgage, Inc. represented that she "received and reviewed the complaint filed" and that they will not "object to the intended treatment of its claim" and that they would not "object to a default judgment order."

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that

holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the property value of $61,000.00.

15. The first secured claim of CitiMortgage, Inc., in the amount of $82,671.72 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of CitiMortgage, Inc. in the amount of $82,671.72 and the second secured claim of Citibank, N.A., in the amount of $24,724.00.

5. That value of Plaintiff's residence is $61,000.00.

6. "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void...." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. § 349 (b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the Circuit Courts that have allow judges to approve the reduction of the wholly unsecured junior lien through a process referred to as "lien stripping" pursuant to 11 U.S.C. § 506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §

1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993).

See Pond v. Farm Specialst Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F. 3d 606 (3rd Cir. 2000); In re Bartee, 212 F. 3d 277 (5th Cir. 2000); In re Lane, 280 F. 3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Date: 3/11/13

Enter: _____
United States Bankruptcy Judge
MAR 0 8 2013

Consumer Law Group, LLC
6232 N. Pulaski, #200
Chicago, IL 60646
312.878.1286